0AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
## for the
### Western District of New York

| | |
|---|---|
| United States of America | |
| v. | Case No. 25-MJ-1325 |
| JOSE ANTONIO BARCENA-RUIZ | |
| *Defendant* | |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of May 31, 2025, in the County of Erie, in the Western District of New York, the defendant, an alien, was found in the United States, after previously being removed or deported from the United States, without prior authorization or approval from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, Section 1326(a).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

**DONALD J LAMAR**
Digitally signed by DONALD J LAMAR
Date: 2025.06.19 08:10:38 -04'00'

*Complainant's signature*

DONALD LAMAR
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS
*Printed name and title*

Sworn to and signed telephonically.

Date: June 20, 2025

*Judge's signature*

City and State: Buffalo, New York

HONORABLE JEREMIAH J. McCARTHY
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK )
COUNTY OF ERIE    )   SS.:
CITY OF BUFFALO   )

I, Donald Lamar, being duly sworn, deposes and states:

1. I am employed as a Special Agent with the U.S. Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) in New York State and have been so employed in that capacity since March 2023. Prior to employment with HSI, I was employed by U.S. Customs and Border Protection (CBP) in New York State and assigned to the Canine Unit as a concealed human and narcotics detection handler. Prior to employment with CBP, I was employed by the United States Border Patrol (USBP) as a Border Patrol Agent. Duties as a Border Patrol Agent consisted of line watch operations in the Calexico, California in order to stop the entry of illegal persons and substances attempting to enter the United States. I am currently assigned to the HSI Border Enforcement Security Taskforce (BEST), an HSI sponsored law enforcement task force comprised of local, state, federal, and Canadian law enforcement officers co-located in New York State and tasked with combatting transnational criminal organizations (TCOs) exploiting vulnerabilities of the shared international border. As such I am a federal law enforcement officer of the United States, within the meaning of Rule 41(a) of the Federal Rules of Criminal Procedure, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses in violation of the United States Code. Furthermore, per the Interagency Cooperation Agreement between the Drug

Enforcement Administration (DEA) and ICE/HSI, I am a cross-designated agent authorized to investigate violations of Title 21, United States Code.

2.   As part of my current duties, I have investigated violations of the Immigration and Nationality Act and violations of the United States Code, in particular, Title 8, United States Code, Section 1326 (Re-entry of Removed Aliens).

3.   I make this affidavit in support of a criminal complaint charging Jose Antonio BARCENAS-RUIZ (hereinafter BARCENAS-RUIZ), an alien, born in 1984 in Mexico, and currently a citizen of Mexico, with violating Title 8 United States Code, Section 1326(a) (Re-entry of Removed Aliens).

4.   The statements contained in this affidavit are based upon my personal knowledge, my training and experience, my review of database checks and official records, and upon information provided to me by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that BARCENAS-RUIZ did knowingly violate Title 8 United States Code, Section 1326(a).

**PROBABLE CAUSE**

5.   On May 30, 2025, Homeland Security Investigations (HSI) along with Immigration and Customs Enforcement (ICE) personnel conducted surveillance at a Motel,

2

in Clarence, New York, within the Western District of New York. The surveillance effort was conducted based on a tip that was provided to law enforcement regarding the presence of undocumented persons renting a room at this motel. While conducting surveillance HSI Task Force Officers (TFO) observed four Hispanic males exit the room of the motel that was described in the tip. The four males were wearing construction clothing and entered a Ford Truck with an out of state license plate. The vehicle was followed to a construction site located in Buffalo, New York, within the Western District of New York.

6.   On May 31, 2025, HSI and ICE personnel returned to the same motel location in, Clarence, New York. HSI Special Agent (SA) Timothy Carroll and SA Donald Lamar observed the four Hispanic males exit the same room of the motel. The males were again wearing construction clothing and entered the same Texas plated Ford Truck. SA Carroll and Lamar approached the vehicle and asked the driver to roll down the window. SA Carroll then asked the passengers if he could ask them a few questions. The passengers consented to questioning and SA Carroll questioned all the occupants as to what they were doing in the area. The driver, BARCENAS-RUIZ, stated that they were here to work on a construction site as employees of Puga Thermal Services. SA Carroll then asked the occupants where they were from. The driver spoke for all the occupants of the vehicle in English and stated that the two occupants in the back did not speak English. The defendant stated that his son, who was seated in the front passenger seat, was from Atlanta, Georgia. SA Carroll then asked BARCENAS- RUIZ where he was born, and he replied "Mexico". SA Lamar then asked BARCENAS- RUIZ for his documentation and he provided a Mexican passport and a New Mexico driver's license depicting his identity. SA Lamar then asked BARCENAS- RUIZ if

he had additional documentation that allowed him to be present or remain in the United States. BARCENAS- RUIZ admitted that he had no additional documentation and was in the United States illegally.

7. After the documentation was collected from BARCENAS- RUIZ, record checks were run by ICE personnel. The record checks revealed that BARCENAS- RUIZ, was present in the United Sates illegally and did not possess the proper documentation to remain in the United States. HSI then arrested and transported BARCENAS-RUIZ to the ICE facility in Batavia, New York and conducted a fingerprint scan. This scan resulted in an identical fingerprint match to an FBI and Alien File number for BARCENAS-RUIZ.

8. Immigration record checks regarding this Alien File number revealed the following:

a. BARCENAS-RUIZ is a citizen and native of Mexico.

b. On or about July 7, 2008, BARCENAS-RUIZ was ordered removed to Mexico by an Immigration Judge.

c. On or about July 10, 2008, BARCENAS-RUIZ was removed to Mexico by foot, via the Brownsville, Texas Port of Entry, pursuant to an order of removal.

d. On or about June 8, 2009, BARCENAS-RUIZ was apprehended by Border Patrol near Hidalgo, Texas and Border Patrol reinstated the prior removal order.

e. On or about June 9, 2009, BARCENAS-RUIZ was removed to Mexico by foot, via the Brownsville, Texas Port of Entry, pursuant to an order of removal.

    f. On or about June 13, 2009, BARCENAS-RUIZ was apprehended by Border Patrol near Laredo, Texas and Border Patrol reinstated the prior removal order.

    g. On or about June 13, 2010, BARCENAS-RUIZ was served a warning to aliens being order removed or deported.

    h. On or about June 15, 2009, BARCENAS-RUIZ was physically removed to Mexico by foot, via the Laredo, Texas Port of Entry, pursuant to an order of removal.

    i. On or about January 22, 2010, BARCENAS-RUIZ was arrested in Georgia and on or about January 25, 2010, was transferred to Enforcement Removal Operations' custody. On or about January 22, 2010, Enforcement Removal Operations reinstated the prior removal order.

    j. On or about January 26, 2010, BARCENAS-RUIZ was served a warning to aliens being order removed or deported.

    k. On or about February 15, 2010, BARCENAS-RUIZ was physically removed to Mexico by foot, via the Brownsville, Texas Port of Entry, pursuant to an order of removal.

9. A review of electronic immigration records and a review BARCENAS-RUIZ's Alien File number failed to reveal that BARCENAS-RUIZ had applied for or received any authorization or approval from the Attorney General of the United States, or the Secretary for the Department of Homeland Security, to re-enter the United States after his last removal.

10.     Wherefore, I respectfully submit that the foregoing facts establish probable cause to believe that on or about May 31, 2025, within the Western District of New York, Jose Antonio BARCENAS-RUIZ, an alien, was found in the United States after having been previously deported or removed from the United States, without having obtained the express consent of the Attorney General of the United States or the Secretary for the Department of Homeland Security, in violation of Title 8, United States Code Section 1326(a).

DONALD J LAMAR
Digitally signed by DONALD J LAMAR
Date: 2025.06.19 08:12:47 -04'00'

DONALD LAMAR
Special Agent
Homeland Security Investigations

Sworn to and subscribed telephonically before me on this 20th day of June, 2025.

HONORABLE JEREMIAH J. MCCARTHY
United States Magistrate Judge

6